WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA – FLAGSTAFF

United States of America

v.

Quanah Decarlos Scott

Case Number: CR16-08247-001-PCT-PGR

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I have considered all the factors set forth in 18 U.S.C. § 3142(g).  I conclude that the following facts are established:  *(Check one or both, as applicable.)*

☐ by clear and convincing evidence the defendant is a danger to the community and detention of the defendant is required pending trial in this case.

☒ by a preponderance of the evidence the defendant is a flight risk and detention of the defendant is required pending trial in this case.

## PART I – FINDINGS OF FACT

☐ (1) There is probable cause to believe that the defendant has committed

    ☐ a drug offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq., or 46 U.S.C. App. § 1901 et seq.

    ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

    ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

    ☐ an offense involving a minor victim prescribed in Choose an item from the list..

    ☐ an offense for which a maximum term of imprisonment of 20 years or more is prescribed pursuant to 18 U.S.C. §§ 1581-1584, 1589-1591 (Slavery and Sex Trafficking).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community or any person.

### Alternative Findings

☒ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☐ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

USA v. Quanah Decarlos Scott                    Case Number: CR16-08247-001-PCT-PGR

OCTOBER 25, 2016                                                    Page 2 of 3

☐  (4)

## PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check as applicable.)*

☐  (1) I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:

Based on defendant's substance abuse history and his criminal history, which consists of a violent conviction, violent offenses with unknown dispositions, and a domestic violence convictions in addition to a pending charge.

☒  (2) I find by a preponderance of the evidence as to risk of flight that:

    ☐  The defendant has no significant contacts in the District of Arizona.

    ☒  The defendant has insufficient resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

    ☒  The defendant has a prior criminal history.

    ☒  There is a record of prior failure(s) to appear in court as ordered.

    ☐  The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

    ☒  The defendant has a history of substance abuse.

    ☒  The defendant is facing a minimum mandatory of <u>any</u> incarceration and a maximum of <u>15 years</u>.

    ☐  The defendant has ties to a foreign country.

    ☐  The defendant has used aliases or multiple dates of birth or false identifying information.

    ☐  The defendant was on probation, parole, or supervised release at the time of the alleged offense.

    ☐  In addition:

☒  (3) The defendant does not dispute the information contained in the Pretrial Services Report, except:

Defense proffered that defendant has cleared the Pima City Court warrants, but counsel had not confirmed such.

☐  (4) The weight of the evidence against the defendant is great.

The Court incorporates by reference the findings in the Pretrial Services Report which were

USA v. Quanah Decarlos Scott                    Case Number: CR16-08247-001-PCT-PGR

OCTOBER 25, 2016                                                    Page 3 of 3

reviewed by the Court at the time of the hearing in this matter.

### PART III – DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

### PART IV – APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 26th day of October, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge